UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YUPENG CAO,

Petitioner,

v.

J. JOHNSON, ETC., ET AL.,

Respondents.

No. ED CV 26-6416-E

ORDER FOR ENTRY OF JUDGMENT

## PROCEEDINGS

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus, etc." ("the Petition") on October 26, 2026. Respondents filed an Answer on November 5, 2026. Petitioner filed a Reply on November 18, 2026.

## BACKGROUND

Petitioner, a native of China, entered the United States on a student visa in 2015. Although the visa later expired, Petitioner has remained continuously in the United States since his 2015 entry. Petitioner applied for asylum in 2016. Removal proceedings are ongoing.

On April 8, 2026, ICE agents arrested and detained Petitioner. Petitioner has remained in detention ever since. On May 20, 2026, an immigration judge denied bond in a conclusory order, stating that "Petitioner did not meet his burden to establish that he is not a danger to the community or such a substantial flight risk that bond should be denied [sic]."

On June 29, 2026, Petitioner filed a habeas corpus petition in this Court. See Cao v. Johnson, No. ED CV 26-3602-MRA(E) ("the prior action"). On July 27, 2026, the Magistrate Judge filed a Report and Recommendation, recommending that the District Judge find a due process violation and order as the remedy, inter alia, the release of Petitioner on reasonable conditions. On September 16, 2026, the District Judge in the prior action accepted the Magistrate Judge's recommendations only in part. The District Judge agreed that there had been a violation of due process, but disagreed that release was the appropriate remedy for the violation. Instead, the District Judge ordered only that Respondents grant Petitioner another bond hearing before an immigration judge.

Another such bond hearing occurred on September 23, 2026. The immigration judge ruled that the Government had carried its burden to establish by clear and convincing evidence that Petitioner was an unacceptable danger to the community and an unacceptable risk of flight. As to danger, the immigration judge emphasized a 2024 reckless driving conviction and a 2025 arrest and pending charges for battery against a spouse/ex-spouse/dating partner, manufacture/sale of a large capacity magazine, illegal possession of an assault weapon, and owning a firearm without a serial number. The immigration judge also observed that, at the hearing, Petitioner refused to take responsibility for his actions, thereby demonstrating a lack of rehabilitation. As to risk of flight, the immigration judge emphasized Petitioner's violation of the terms of his visa, the pending criminal case against Petitioner, the failure to prove a valid, reliable sponsor,[1] insufficient evidence of a fixed residence address,

[1] Petitioner had suggested that the alleged victim of the battery charge would be his sponsor.

and the "limited" nature of the avenues by which Petitioner lawfully might remain in the United States (deeming Petitioner's prospects for asylum or relief from removal to be "speculative"). A subsequent bond hearing, reportedly held October 23, 2026, again resulted in the denial of bond.

In the present action, Petitioner makes many of the same arguments he made in the prior action. Petitioner argues that the District Judge ordered the wrong remedy in the prior action - that the bond hearing before the immigration judge was an inadequate remedy for the due process violation that both the Magistrate Judge and District Judge believed had occurred. Petitioner also appears to complain of the conditions of his confinement.

## DISCUSSION

### I. Petitioner's Invitation to Reconsider the Adequacy of the Remedy Ordered in the Prior Action Must be Rejected.

Reconsideration of the Court's rulings in the prior action would be inappropriate. See L.R. 7-18; McCleskey v. Zant, 499 U.S. 467, 489 (1991); Torres-Hurtado v. Zuniga, 707 Fed. App'x 913 (9th Cir. 2017). Further, a magistrate judge is bound by the rulings previously made by a district judge in the same case. See, e.g., United States v. Perez-Vasquez, 2025 WL 1248651, at *8 (N.D.N.Y. April 22, 2025); Nelson v. McGrain, 2017 WL 4155420, at *2 (W.D.N.Y. Sept. 19, 2017); Perfect 10, Inc. v. Giganews, Inc., 2015 WL 12732708, at *5 n.5 (C.D. Cal. May 7, 2015); United States v. Prabhu, 2007 WL 3119854, at *5 (D. Nev. Oct. 23, 2007); see generally, 28 U.S.C. § 636. If, in the present case, the Magistrate Judge were to rule, contrary to the District Judge's ruling in the prior action, that the subject due process violation warranted release as a remedy rather than merely a bond hearing, the Magistrate Judge thereby would exceed the Magistrate Judge's proper authority. See id.; cf. United States ex rel Lujan v. Hughes Aircraft Co., 243 F.3d 1181, 1186 (9th Cir.), cert. denied, 534

U.S. 1040 (2001) ("the law of the case doctrine requires a district court to follow the appellate court's resolution of an issue of law in all subsequent proceedings in the same case. [citation].").

## II. The Immigration Judge's Recent Rulings Did Not Violate Petitioner's Federal Rights.

A federal district court's jurisdiction to review bond or detention decisions by immigration judges is limited. See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024) ("Martinez v. Clark"). District courts review dangerousness findings under an "abuse of discretion" standard. See id. at 784. Under the rationale of Martinez v. Clark, district courts also review immigration judges' flight risk findings under an "abuse of discretion" standard. See, e.g., Zaitsev v. Warden, 2026 WL 391429 (C.D. Cal. Feb. 9, 2026).

This "abuse of discretion standard" is "deferential." See Martinez v. Clark, 124 F.4th at 784. "That deference reflects Congress's decision to cabin judicial review in removal proceedings. . . . And we tread especially carefully in this area where Congress sought to eliminate judicial review." Id. (citations and quotations omitted). In the abuse of discretion review, the Court may not "reweigh evidence," and the Court should "generally, in the absence of any red flags," accept that the immigration authorities applied the proper standards. Martinez v. Clark, 124 F.4th at 785.

In the present case, Petitioner has failed to demonstrate that the immigration judge's dangerousness findings constituted an abuse of discretion. In Martinez v. Clark, the Ninth Circuit held as a matter of law that an immigration judge's detention of an alien as a danger based on relatively remote drug convictions did not constitute an abuse of discretion. See id. at 785. Given this controlling precedent, a detention order relying on the circumstances of Petitioner's 2024 conviction and 2025 arrest and pending charges did not constitute an abuse

of discretion under the deferential standard the Court is required to apply. See id.; see also C.A.R.V. v. Wofford, 2026 WL 241823 (E.D. Cal. Jan. 29, 2026) (denying habeas relief to an alien whom an immigration judge detained as a danger based on a DUI conviction); Castaneda v. Aitken, 2015 WL 3882755 (N.D. Cal. June 23, 2015) (denying habeas relief to an alien whom an immigration judge detained as a danger based on two DUI arrests that did not result in any conviction); Rowe v. I.N.S., 45 F.Supp.2d 144, 146-47 (D. Mass. 1999) (denying habeas relief to an alien whom an immigration judge detained as a danger based on a conviction for assault and battery and the previous existence of restraining orders).

Petitioner has also failed to demonstrate that the immigration judge's flight risk findings constituted an abuse of discretion. The speculativeness of an asylum application, as suggesting only a limited likelihood of avoiding eventual removal, can support an immigration judge's finding that an alien poses an unacceptable risk of flight or of failing to report for removal when called upon to do so. See, e.g., Anyanwu v. Bondi, 2025 WL 3466910, at *4-5 (W.D. Wash. Oct. 6, 2025), adopted, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025). Furthermore, the immigration judge here also properly considered, inter alia, the lack of information regarding a reliable sponsor and insufficient proof of a fixed residence address. See, e.g., Far v. Mullin, 2026 WL 2928267, at *4 (C.D. Cal. Sept. 29, 2026) (immigration judge properly considered, among other things, a lack of information verifying a reliable sponsor).

The immigration judge acknowledged certain factors weighing in Petitioner's favor, but deemed those factors insufficient to warrant bond. In the present action, Petitioner essentially invites the Court to re-weigh the evidence before the immigration judge. The Court must decline any such invitation. See Martinez v. Clark, 124 F.4th at 785; cf. Singh v. Bowen, 2026 WL 485760, at *4 (C.D. Cal. Feb. 19, 2026) (to the extent an alien seeks release "simply because the [alien] disagrees with the merits of the immigration judge's decision," the court

///

///

lacks jurisdiction to grant relief). None of Petitioner's arguments justify the relief requested in the present Petition.[2]

**CONCLUSION**

For all of the foregoing reasons, the Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 23, 2026



CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Petitioner relies on conclusory references in the Petition to the conditions of his confinement, Petitioner's reliance is misplaced. A petitioner may not use the vehicle of a habeas corpus petition to challenge the conditions of confinement. See Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016), cert. denied, 580 U.S. 1063 (2017).